# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620
_____

January 10, 2022

**VIA ECF**

Honorable Lewis J. Liman
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** Naranjo et al v. The Classic of NY Nails & Spa Inc. et al
1:21-cv-01731-LJL

Your Honor:

This office represents the Plaintiff in the above referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after an extensive settlement conference before Your Honor. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

Plaintiff alleges she was employed by Defendants as a nail technician at their nail salon located at 1501 1st Avenue, New York, NY 10075 under the name "Classic Nail & Spa". They also allege Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate, failure to pay spread of hours pay, unauthorized deductions from wages and gratuities, and failure to provide annual notice and wage statements. Defendants deny the Plaintiff's allegations but agree that a settlement is desirable at this stage to avoid incurring further legal fees by litigating further.

## I. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $20,000 to Plaintiff to settle all her claims as alleged in the Complaint that concern her employment. Of the settlement amount, two thirds, or $ 13333.33 will go to the Plaintiff, with $6,666.67 to go to Plaintiff's attorneys.

January 21, 2022
Page 2

Plaintiff alleges that she is entitled to back wages of approximately $42,569.06 from Defendants, which Defendants deny. Plaintiff estimates that if she had recovered in full for her claims, exclusive of attorney's fees, she would be entitled to approximately $125,904.07. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." Plaintiff understands the central issues are disputed, and that should she continue to litigate her claims, there is no guarantee she would recover what she believes she is owed, which is why a settlement is desirable at this time.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $6,666.67 from the settlement fund as attorneys' fees and costs. This represents thirty-three (33) percent of the recovery in this litigation, this is a reduction in fees from what is identified in Plaintiff's retainer agreements, which provides that forty (40) percent of Plaintiff's recovery will be retained by the firm.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at his firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case"). *See also Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.")

Given Plaintiff's counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going

January 21, 2022
Page 3


negotiations. A brief biography of each attorney who performed billed work outlined in the Billing Record attached as "Exhibit C" and their rates in this matter is as follows:

i. Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace &amp; Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021. From 1983 to 2000, she was in-house Employment Counsel with International Business Machines Corporation (IBM). she taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and she is a nationally-renowned speaker and writer on employment law. she is also the author of the ADA, Disability Law Deskbook The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. her work was billed at the rate of $450 per hour, her standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

ii. Gennadiy Naydenskiy was a Litigation Associate of Michael Faillace & Associates P.C. now CSM Legal P.C. and has been a member of the firm from August 2018 until September 2021. Gennadiy Naydenskiy reflected in Exhibit C as "GN" is billed at a rate of $350 per hour. Prior to joining Michael Faillace and Associates, P.C, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding her solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions.

iii. Khalil Huey is a Litigation Associate of Michael Faillace & Associates P.C now CSM Legal P.C. and has been a member of the firm since June 2021. Khalil Huey reflected in Exhibit C as "KH" is billed at a rate of $375 per hour. Prior to joining the firm P.C, Khalil Huey was of counsel for the Chandler Law Firm PLLC and an associate for the same firm that focused on labor and employment law for individuals and as labor counsel for several school districts, and large public employee unions in the State of New York.

iv. Paralegal time reflected in Exhibit C as "PL" is billed at $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Khalil Huey
Khalil Huey Esq.

January 21, 2022
Page 4

                                          CSM LEGAL, P.C.
                                          Attorneys for the Plaintiff

Enclosures

Cc Qinyu Fan (via ECF)